The Honorable Larry Prater State Representative 8800 Prater Lane Rudy, Arkansas 72952-9373
Dear Representative Prater:
This is in response to your request for an opinion on the construction of Act 25 of 1999. That act is entitled "An Act to Amend Arkansas Code27-16-604 Pertaining to Restricted Drivers' Licenses; and for Other Purposes." The statute referred to in the title of Act 25 (A.C.A. §27-16-604), is entitled "Persons not to be licensed." It contains an enumeration of various individuals to whom a driver's license may not be issued. Act 25 amends this statute by adding a new subsection prohibiting the licensure of "a noncommercial driver between the ages of sixteen (16) and eighteen (18) years who has not possessed a restricted license for at least six (6) months."
You state that you have a sixteen-year-old constituent who is an honors student. You note that she has enrolled in college classes this fall. In order for her to drive to and from class, she needs an unrestricted driver's license. You state, however, that according to your understanding, Act 25 is being interpreted to require all new drivers between the ages of sixteen and eighteen to drive with a restricted license for six months before they are issued an unrestricted license. I assume from this statement that your constituent has either not previously obtained a "restricted license" or "instruction permit" or that she has not possessed such a license or permit for at least six months. This type of restricted license or permit may be issued to persons who are at least fourteen years of age (see A.C.A. §§ 27-16-802 and -804 (Supp. 1997)) and authorizes such persons to drive only with a licensed adult.
Your question regarding these facts is whether there are "any provisions in this law for students with honors and/or for students attending college classes."
It is my opinion that the answer to your question is "no." No such exception appears in Act 25 or any other statute on the question.
It is my understanding that the Office of Driver Services does indeed interpret Act 25 as requiring all persons between the ages of sixteen and eighteen to have a restricted license for at least six months prior to being issued an unrestricted license. This appears to be the plain intention of Act 25. Under the new act, no exceptions are made, and no discretion is left to the administering agency to make exceptions.
It is my understanding, as an additional matter, that the Office of Driver Services applies the requirements of Act 25, not only to persons between the ages of sixteen and eighteen, but also to persons between the ages of fourteen and sixteen. Otherwise an anomalous result would occur. Under current law, persons between the ages of fourteen and sixteen can obtain a restricted license to drive only with a licensed adult, but exceptions can be made to the restriction in certain cases. See A.C.A. §27-16-804(b)(2), and Department of Finance and Administration "Driver License Regulations" (1977-1) § 2-75-324. The exception is commonly referred to as a "hardship." If the Office of Driver Services did not also apply the provisions of Act 25 to persons between the ages of fourteen and sixteen, it is possible that a new driver who just turned fourteen could, with a "hardship," drive unrestricted, while a new driver who just turned sixteen, under Act 25, could not. Act 25, which applies only to persons between the ages of sixteen and eighteen, contains no "hardship" exception.
It is therefore my opinion that the answer to your question is "no." There are no exceptions to Act 25 for the circumstances you describe.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh